1  RUTAN & TUCKER, LLP
   Michael D. Adams (State Bar No. 185835)
2  madams@rutan.com
   Damon Mircheff (State Bar No. 216257)
3  dmircheff@rutan.com
   Kathryn Domin (State Bar No. 274771)
4  kdomin@rutan.com
   611 Anton Boulevard, Suite 1400
5  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
6  Facsimile:  714-546-9035

7  Attorneys for Defendants
   PEPTIDE PROS, LLC and ROB ALOTTA
8

9              UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12 | NUTRITION DISTRIBUTION, LLC, an   | Case No.
   | Arizona Limited Liability Company, |
13 |                                    | **DEFENDANTS PEPTIDE PROS, LLC
   |          Plaintiff,                | AND ROB ALOTTA'S NOTICE OF
14 |                                    | REMOVAL PURSUANT TO 28 U.S.C.
   |   vs.                              | SECTION 1332 (DIVERSITY
15 |                                    | JURISDICTION)**
   | PEPTIDE PROS, LLC, a Florida Limited |
16 | Liability Company, ROB ALOTTA, an   |
   | individual, and DOES 1 through 10,  |
17 | inclusive,                          |
   |                                    |
18 |          Defendants.               |

19
20
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Rutan & Tucker, LLP
attorneys at law

1069/102056-0001
9854954.3 a07/13/16

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendants Peptide Pros, LLC ("Peptide") and Rob Alotta ("Alotta"; collectively, "Defendants") hereby remove to the United States District Court for the Central District of California the action plaintiff Nutrition Distribution, LLC ("Nutrition Distribution") filed in the Superior Court for the State of California, County of Los Angeles, Case No. BC611233. In support of their Notice of Removal, Defendants allege as follows:

1. Nutrition Distribution initiated a civil action on February 23, 2016 captioned *Nutrition Distribution, LLC, an Arizona Limited Liability Company v. Peptide Pros, LLC, a Florida Limited Liability Company, and DOES 1 through 10, inclusive*, in the Superior Court of the State of California, County of Los Angeles, Case No. BC611233 (the "State Court Action"). Peptide was the only named Defendant. A true and correct copy of the Complaint filed in the State Court Action is attached to this Notice of Removal as Exhibit 1.

2. Nutrition Distribution asserted it served Peptide with the summons and Complaint in the State Court Action and that Peptide did not timely respond, and asked for entry of default against Peptide, which the Court entered on or about May 4, 2016.

3. On June 16, 2016, Nutrition Distribution and Peptide entered into a stipulation and proposed order to set aside the default, to deem June 16, 2016 as the date on which Peptide was served with the Complaint, and for Peptide to have 30 days from June 16, 2016 to respond to the Complaint. On June 23, 2016, the Court entered an Order pursuant to the parties' stipulation, a true and correct copy of which is attached to this Notice of Removal as Exhibit 2.

4. On June 23, 2016, Nutrition Distribution filed and served a First Amended Complaint ("FAC") in the State Court Action against Peptide, and against individual Rob Alotta ("Alotta"). A true and correct copy of the FAC in the State

1  Court Action is attached to this Notice of Removal as Exhibit 3.

2      5.    This Notice of Removal is being filed within thirty (30) days of June 16, 2016, the date the Complaint in the State Court Action was deemed served on Peptide, and thus is timely under 28 U.S.C. section 1446(b) and Federal Rule of Civil Procedure 6(a)(1)(C).[1]

    6.    The State Court Action is a civil action over which this Court has jurisdiction under 28 U.S.C. section 1332. There is a complete diversity of citizenship because:

    a.    Nutrition Distribution is an Arizona limited liability company with its principal place of business in Phoenix, Arizona. (Ex. 3, ¶ 8 [mis-numbered ¶ 1])[2];

    b.    At the time Nutrition Distribution filed the State Court Action and as of this Notice of Removal, Alotta was and is an individual domiciled in Florida (Ex. 3, ¶ 10 [mis-numbered ¶ 3]);

    c.    At the time Nutrition Distribution filed the State Court Action and as of this Notice of Removal, Peptide was and is a limited liability company organized and existing under the laws of Florida with its principal place of business in Florida. (Ex. 3, ¶ 2 [mis-numbered ¶ 2]) Peptide's only member, Alotta, is domiciled in Florida; and

    d.    Defendants Does 1 through 10 are unnamed and unknown, to the best of Defendants' knowledge and belief, and have not been named or served with the State Court Complaint.

    7.    The amount in controversy exceeds $75,000, exclusive of interest and

---

[1] As of Nutrition Distribution's service of the First Amended Complaint on June 23, 2016 on Rutan & Tucker, LLP as counsel for Peptide, Rutan & Tucker, LLP had not appeared for and was not counsel of record for Alotta, and had not agreed to accept service for Alotta. Regardless, the Notice of Removal is timely as to Peptide. Rutan & Tucker is filing this Notice of Removal on behalf of both Peptide and Alotta.

[2] The paragraph numbering in Nutrition Distribution's FAC erroneously restarts several times. This Notice of Removal refers to the actual number (that usually is incorrect), and the paragraph number if the numbering was continuous starting at paragraph 1.

costs, for the following reasons:

   a.   In the State Court Action, Nutrition Distribution alleges only that the Superior Court "has subject matter jurisdiction over this action as the amount of the claims exceeds $25,000," as permitted by the California Code of Civil Procedure. (Ex. 3, ¶ 12 [Mis-numbered ¶ 1].) The combination of remedies that Nutrition Distribution seeks, however, establish that the amount in controversy exceeds $75,000 exclusive of interest and costs. Nutrition Distribution seeks monetary relief in the form of compensatory damages, and an award of restitution based on Peptide's profits from its sale of so-called "Research Peptides." (Ex. 3, prayer for relief.) Significantly, Nutrition Distribution also seeks a preliminary injunction "enjoining Defendant from producing, licensing, marketing, and selling its various purported 'research peptides'" and for "a preliminary injunction *shutting down the PeptidePros.net website*." (*Id.*, emphasis added.) Nutrition Distribution, in other words, seeks a preliminary injunction shutting down Peptide's business and preventing it from selling products pending the trial of this lawsuit. Such an injunction would result in substantial damage and monetary loss to Peptide that would exceed $75,000, exclusive of interest and costs, in addition to the monetary relief Nutrition Distribution seeks from Peptide.

   b.   Nutrition Distribution's allegations in the State Court Action also are substantively the same as Nutrition Distribution's allegations against other defendant supplement companies in which Nutrition Distribution alleged or otherwise admitted the amount in controversy exceeds $75,000 exclusive of interest and costs. Nutrition Distribution's allegations and admissions in those actions in which it seeks monetary and other relief for the same alleged injury – the wrongful diversion of business from Nutrition Distribution's supplement products to the defendants' alleged illegal or unlawfully sold products – establish that the amount in controversy here exceeds $75,000,

exclusive of interest and costs.

c. Specifically, Nutrition Distribution's allegations in the State Court Action are substantively the same as Nutrition Distribution's allegations against defendants IronMag Research, LLC and Joseph DiMaggio (the "IronMag Defendants") in the action that the IronMag Defendants removed from the California Superior Court to the United States District Court for the Central District of California in May 2016, which Nutrition Distribution did not dispute was properly removed based on diversity jurisdiction (the *IronMag Research Action*), and which was assigned to the Honorable Manuel L. Real, Case No. 2:16-cv-03546-R-JCx.[3] True and correct copies of: (i) the Complaint in the *IronMag Research Action* removed to the Central District of California; (ii) the IronMag Defendants' Notice of Removal in the *IronMag Research Action* (without exhibits); (iii) the Notice of Assignment to Judge Real; and (iv) Nutrition Distribution's operative complaint in its prior related federal court action against the IronMag Defendants, are attached to this Notice of Removal as Exhibits 4, 5, 6, and 7, respectively.

d. In the *IronMag Research Action,* Nutrition Distribution alleged the same wrongful conduct by the IronMag Defendants and the same injury it alleges here against Peptide – the unlawful advertising and sale of "drugs" and substances identified as "for research purposes only" and "not for human consumption" that in fact are intended for human consumption, allegedly diverted sales from Nutrition Distribution and its "natural nutritional supplements" to the defendants' unlawful products (Ex. 3, ¶¶ 1, 2, 21 [mis-numbered ¶ 10], 26 [mis-numbered ¶ 15]; Ex. 4, ¶¶ 1, 2, 15, 17.) In both cases, Nutrition Distribution alleges that the advertising and sale of "research chemicals" and "research peptides," respectively, constitutes unfair business

---

[3] Originally Case No. 2:16-cv-03546-R-AMFx.

practice and false advertising pursuant to California Business & Professions Code sections 17200 et seq. and 17500 et seq., respectively. (Ex. 3, ¶¶ 6, 12 [mis-numbered ¶ 1], 29-38 [mis-numbered ¶¶ 18-27], 40-49 [mis-numbered 29-38]; Ex. 4, ¶¶ 3, 9, 20-28, 30-37);

  e. Nutrition Distribution also alleges in both actions it has been harmed by the defendants' unfair and unlawful acts of diverting business from Nutrition Distribution's "natural nutritional supplements." The two actions contain nearly identical descriptions of the harm caused by the respective defendants' alleged unlawful conduct. The Complaint in the *IronMag Research Action* alleges "Plaintiff has suffered both an ascertainable economic loss of money and reputation injury by the diversion of business from Plaintiff to Defendants." (Ex. 4, ¶ 36.) The First Amended Complaint in the State Court Action here alleges "Plaintiff has suffered both an ascertainable economic loss of money and reputation injury by the diversion of business from Plaintiff to Peptide Pros and the loss of goodwill in Plaintiff's products." (Ex. 3, ¶ 48 [mis-numbered ¶ 37].) In other words, the alleged wrongful conduct and cause and nature of the alleged monetary harm in both actions are the same.

  f. In the State Court Action here, Nutrition Distribution alleges that Peptide is selling an even wider array of substances than the IronMag Defendants that Nutrition Distribution alleges Peptide may not lawfully sell for human consumption, suggesting the monetary relief it seeks would be at least comparable to what it seeks in the *IronMag Research Action*. (Ex. 3, ¶ 1; Ex. 4, ¶ 1.) Nutrition Distribution did not oppose removal in *IronMag Research Action*, and the case was assigned to the Honorable Manuel L. Real. (See Ex. 6.)

  g. Lastly, Nutrition Distribution brought an earlier federal court action against the IronMag Defendants and additional party IronMag Labs,

Rutan & Tucker, LLP
attorneys at law
1069/102056-0001
9854954.3 a07/13/16
-5-
DEFENDANTS PEPTIDE PROS, LLC AND
ROB ALOTTA'S NOTICE OF REMOVAL

LLC alleging the same type of unlawful conduct (false advertising and unfair competition) it alleges against Peptide, and alleged injury from the defendants' alleged advertising and sale of "research chemicals." A true and correct copy of the First Amended Complaint from that prior action, Case No. 2:15-cv-08233-R-JC, is attached to this Notice of Removal as Exhibit 7. In that action, Nutrition Distribution alleged the District Court had subject matter jurisdiction based on federal subject matter jurisdiction, and based on diversity jurisdiction, and that "the controversy exceeds the value of $75,000." (Ex. 7, ¶ 10.) Nutrition Distribution's allegations in that related action that parallel its allegations against Peptide here further establish the amount in controversy here exceeds $75,000, exclusive of interest and costs.

8. Accordingly, based on Nutrition Distributions' allegations in the FAC in the State Court Action, virtually identical allegations in the *IronMag Research Action*, and allegations in its initial federal court action against the Ironmag Defendants, the amount in controversy with respect to the State Court Action exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this district pursuant to 28 U.S.C. section 1441(a).

10. Promptly after filing this Notice of Removal with the Central District Court of California, Defendants will file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of California, County of Los Angeles County, and serve notice on Nutrition Distribution, as required by 28 U.S.C. section 1446(d).

11. Defendants respectfully remove the State Court Action to this Court. Should Nutrition Distribution assert any challenge to removal, Defendants request the opportunity to present evidence in the form of a brief supported by declarations or other admissible evidence in support of their Notice of Removal, and to present brief oral argument in support of their argument that jurisdiction is proper in this Court. *See, e.g., Altamirano v. Shaw Indus., Inc.*, 2013 U.S. Dist. LEXIS 84236, at

Rutan & Tucker, LLP
attorneys at law

1069/102056-0001
9854954.3 a07/13/16

-6-

DEFENDANTS PEPTIDE PROS, LLC AND
ROB ALOTTA'S NOTICE OF REMOVAL

1  *9-10 (N.D. Cal. 2013) (recognizing that, "[a] court may properly consider evidence
2  the removing party submits in its opposition to remand, even if this evidence was
3  not submitted with the original removal petition") (quoting citing *Cohn v. Petsmart,*
4  *Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002)); *see also Willingham v. Morgan*, 395
5  U.S. 402, 407 n. 3, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969) ("[I]t is proper to treat
6  the removal petition as if it had been amended to include the relevant information
7  contained in the later-filed affidavits.").

8  Dated: July 13, 2016                    RUTAN & TUCKER, LLP

                                            By: *s/ Damon Mircheff*
                                                Damon D. Mircheff
                                                Attorneys for Defendants
                                                PEPTIDE PROS, LLC and ROB
                                                ALOTTA

Rutan & Tucker, LLP
attorneys at law
1069/102056-0001
9854954.3 a07/13/16
-7-
DEFENDANTS PEPTIDE PROS, LLC AND
ROB ALOTTA'S NOTICE OF REMOVAL